IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALESSIO TAGLIONI, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 23-cv-85J |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) ECF No. 1 |
| WARDEN LEONARD ODDO; | ) |
| U.S. ATTORNEY FOR THE WESTERN | ) |
| DISTRICT OF PA; *and* UNITED STATES, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

Petitioner Alessio Taglioni ("Petitioner") is an immigration detainee currently held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania. Petitioner submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") on May 8, 2023. ECF Nos. 1 and 2. For the reasons that follow, and based on the specific facts of this case, as well as Respondents' concession that a bond hearing is appropriate, the Petition will be conditionally granted in part and denied in part.

I.      **RELEVANT BACKGROUND AND FACTS**

In the Petition, Petitioner alleges that he is a citizen of Italy and Ireland.[1] ECF No. 1 at 13. Petitioner was admitted to the United States as a legal permanent resident on March 6, 1994. Id. In 2011, Petitioner was convicted of conspiracy, criminal attempt, receiving stolen property, and possession of a crime instrument with intent, in the Court of Common Pleas of Philadelphia County. Id. See also ECF No. 1-6 at 9-10. In 2022, Petitioner was convicted of criminal trespass,

---

[1] At a status conference on November 14, 2023, Petitioner's counsel stated that communications with the Italian embassy revealed that Italy did not have a record of Petitioner being a citizen of that county, since he left when he was one year old.

1

theft, receiving stolen property, criminal mischief, and multiple counts of conspiracy, in the Court of Common Pleas of Bucks County. ECF No. 1 at 13. See also ECF No. 1-6 at 48-49.

Petitioner alleges that he was charged with being removable under 8 U.S.C. § 1227(a)(2)(A)(ii), and has been held in immigration detention pursuant to 8 U.S.C. § 1226(c) since August 4, 2022. Id. at 1, 11, and 14. Petitioner was denied bond by an immigration judge ("IJ") on October 13, 2022. Id. at 12. There is no indication on the record that Petitioner has had another bond hearing before an IJ since that date.

The record indicates that, on June 15, 2023 – after the filing of the Petition – Petitioner's order of removal became final. ECF No. 14 at 1, 4. Accordingly, Petitioner now is detained pursuant to 8 U.S.C. § 1231.[2]

Petitioner alleges that he cannot be removed because he has no travel documents. Ireland refuses to issue them because Petitioner allegedly will die if he flies due to a lung condition.[3] ECF No. 1 at 15-16.

While the Petition is not entirely clear, it appears that Petitioner asserts that his continued detention violates Section 1231 in light of the holding of the Supreme Court in Zadvydas v. Davis,

---

[2] At the status conference of November 14, 2023, counsel for all parties agreed that Petitioner now is detained under Section 1231.

[3] Petitioner alleges a lengthy history of problems with his lungs, including a prior collapsed lung, and the removal of half of a lung in 2008. ECF No. 1 at 15-16; ECF No. 1-7. Petitioner alleges that he has been hospitalized due to lung problems while he has been in immigration detention, and continues to suffer symptoms such as shortness of breath and severe pain. ECF No. 1 at 15-16; ECF No. 1-9; ECF No. 1-8 at 2 (letter dated April 6, 2023, from Steven G. Kelsen, Professor of Thoracic Medicine Surgery at Temple University, to Petitioner's counsel, stating that "given [Petitioner's] history of recurrent tension pneumothorax, air travel is absolutely contraindicated. Should [Petitioner] travel on an airplane . . . he is likely to suffer severe lung damage and possibly death. He should **not** under any circumstance fly in an airplane") (emphasis in original). Petitioner provides additional medical evidence of his lung problems in his Reply. ECF No. 18-2 at 2 and 4-30.

533 U.S. 678, 701 (2001). Id. at 17-20. Petitioner also asserts that his detention violates substantive and procedural due process under the Fifth Amendment of the Constitution of the United States. Id. at 20-21.

By way of relief, Petitioner seeks a determination that he is not subject to mandatory detention, and an immediate bond hearing where the government bears the burden to justify continued detention. Id. at 22. Petitioner also asks for:

> (1) a declaration that: (a) Petitioner is eligible to be released on bond; (b) the interpretation of the Immigration and Nationality Act ("INA") by DHS and ICE is "arbitrary, whimsical, and [] erroneous[,]" and violates the Eighth and Fifth Amendments; and (c) that Petitioner is entitled to bond hearing before a neutral judge;
>
> (2) declaratory judgment the Petitioner is not a flight risk or danger to community; and
>
> (3) Petitioner's immediate release; or alternatively, a bond hearing before an IJ.

Id. at 23.

Respondents filed a Response to Petition for Writ of Habeas Corpus on August 24, 2023. ECF No. 14. In general, Respondents argued that the length of Petitioner's detention since his order of removal became final is presumptively reasonable under Zadvydas. Id. at 12-13. Respondents also argued that Petitioner had not stated a claim for the violation of his due process rights under the test in German Santos v. Warden Pike County Correctional Facility, 965 F.3d 203 (3d Cir. 2020). Id. at 2. They further argued that Petitioner was responsible for his own lengthy detention by seeking asylum, and by allegedly not cooperating with the process to obtain travel documents by refusing to attend a medical appointment. Id. at 10-11 and 13-15.

Petitioner filed a Reply on October 16, 2023. ECF No. 18. In the Reply, Petitioner denied that he refused a necessary medial appointment. Id. at 6. Petitioner also submitted evidence that he is medically unfit to fly. Id. at 1-6. See also ECF No. 18-2 at 2 (letter from Dr. Sandeep Bansal, a pulmonologist allegedly hired by ICE, dated October 10, 2023, stating "it is my best clinical

3

judgment that with his current pulmonary issues and past medical history [Petitioner] is unable to fly safely and unable to be cleared for air travel at this time.").

In response to this Court's Order of October 16, 2023, ECF No. 19, Respondents filed a Sur-Reply on October 27, 2023. ECF No. 20. Respondents conceded that they "do not intend to remove Petition via airplane at this time, and are willing to stipulate to a bond hearing before an immigration judge in the next 30 days." Id. at 1. See also ECF No. 20-1 at 1. Respondents indicated that they might still remove Petitioner by bus or via the Coast Guard.[4]  ECF No. 20 at 2.

Furthermore, Respondents indicated in their Sur-Reply that Petitioner's counsel refused their offer of a bond hearing. ECF No. 20 at 1. On November 14, 2023, this Court conducted a status conference to discuss this matter and a possible resolution. Unfortunately, the parties were unable to come to agreement.

The parties consented to the jurisdiction of a United States Magistrate Judge on October 30, 2023. ECF Nos. 12 and 22.

The Petition is ripe for consideration.

## II. DISCUSSION

28 U.S.C. § 2241 allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" Id. at § 2241(c)(3). This Court has jurisdiction to hear the merits of this case. Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

---

[4] Given that Petitioner may have to be removed to Ireland, these assertions do not appear to be supported.

The law of the United States at issue is 8 U.S.C. § 1231(a), which permits the civil confinement of aliens after an order of removal becomes final. The statute, on its face, appears to allow indefinite detention of certain categories of aliens post-removal-order. Id. at § 1231(a)(6). However, in Zadvydas, the Supreme Court read in a six-month period where detention is presumptively reasonable.[5] 533 U.S. at 701. After that period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." That said, "[t]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the instant case, although the six-month post-removal order period has not passed, Respondents have conceded that they will not remove Petitioner in the reasonably foreseeable future. ECF No. 20 at 1. And with good reason – the evidence of record supports the conclusion that Petitioner likely will suffer serious injury or death if he is forced to fly on an airplane, in light of his current pulmonary condition. Respondents stipulate that a bond hearing before an IJ is appropriate. Id.

Accordingly, in light of Respondents' concession and agreement to a bond hearing at ECF No. 20, this Court will order that Petitioner be provided a bond hearing before an immigration judge within 30 days.

---

[5] But see Johnson v. Arteaga-Martinez, 596 U.S. 573, 580-81 (2022) (Section 1231(a)(6) does not require a bond hearing before an IJ after six months of detention where the government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community).

5

Petitioner has not demonstrated entitlement to any other form of relief that he seeks, and the same will be denied. Cf. Davis v. Warden of Pike Cnty. Corr. Fac., No. 22-CV-20, 2022 WL 4391686, at *4 (M.D. Pa. Aug. 18, 2022) ("The only remedy for an alien challenging their mandatory detention [under Section 1226] is a bond hearing[,]"), report and recommendation adopted, 2022 WL 4389543 (M.D. Pa. Sept. 22, 2022).

### III. CONCLUSION

For the reasons set forth herein, the Petition is conditionally granted in part, and denied in part. Respondents shall provide Petitioner with a bond hearing on or before Friday, December 15, 2023, or release Petitioner with conditions of supervision consistent with applicable law.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.

Dated: November 16, 2023

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record (via CM/ECF)

6